UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEAN BREWER, aka MICHAEL DEAN, CDCR #AC5033,<br><br>                              Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN, et al.,<br><br>                              Defendants. | Case No.: 3:23-cv-00830-DMS-KSC<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Michael Green, also known as Kevin Dean Brewer, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. He has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2.

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Brewer, however, "face an additional hurdle." *Id.* In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") § 804(g), 28 U.S.C. § 1915(g) (1996) provides that prisoners with "three strikes" or more cannot proceed IFP. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). A prisoner has three strikes if

> on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted . . . .

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Thus, prior cases or appeals are considered strikes "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d at 1051–52 (9th Cir. 2007) ("*Cervantes*").

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon

reviewing its docket, and the dockets of the Northern, Central, and Eastern Districts of California, the Court finds that Brewer, identified under CDCR No. AC5033, while incarcerated, has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted which renders him ineligible to proceed IFP. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

They are:

(1) *Brewer v. Alta Bates Summit Medical Center, et al.* Civil Case No. 3:08-cv-03149-SI (N.D. Cal. Jan. 26, 2009) (Order dismissing action for failing to state a claim pursuant to 28 U.S.C. §1915A) (ECF No. 24) (strike one):

(2) *Brewer v. Alta Bates Summit Medical Center, et al.*, Civil Case No. 3:11-cv-02703-THE (N.D. Cal. Oct. 20, 2011) (Order dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 16) (strike two);

(3) *Brewer v. Oh, et al.*, Civil Case No. 5:15-cv-00877-MWF-AJW (C.D. Cal. May 8, 2015) (Order denying request to proceed IFP based on finding complaint was frivolous, malicious, and failed to state a claim) (ECF No. 4) (strike three)[1];

(4) *Green v. Hathaway, et al.*, Civil Case No. 2:17-cv-01598-MCE-CKD (E.D. Cal. Oct. 1, 2018) (Order adopting report and recommendation dismissing second amended complaint for failing to state a claim) (strike four).

Accordingly, because Brewer has accumulated more than three "strikes" pursuant to § 1915(g) while incarcerated, he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA. In order to do so, his pleadings must contain a "plausible allegation that the prisoner faced 'imminent danger of

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

Brewer's Complaint and attached exhibits allege Defendants have denied him the right to wear religious headgear, in violation of his First Amendment free exercise rights.. Compl., ECF No. 1 at 3, 9–14. Based on the allegations in Brewer's Complaint, the Court finds Brewer has not sufficiently alleged he is in imminent threat of harm. Because Brewer is not facing a harm that is "ready to take place," or "hanging threateningly over [his] head," he does not meet the "imminent danger" exception to the three strikes rule. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

II. **Conclusion and Orders**

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: May 11, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court